HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SING CHO NG,

    Plaintiff,

v.

BING KUNG ASSOCIATION, et al.,

    Defendants.

CASE NO. C17-1515 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motions to Dismiss. Dkt. ## 10, 11. Plaintiff opposes the Motions. Dkt. # 22. For the reasons set forth below, the Court **DISMISSES** *pro se* Plaintiff Sing Cho Ng's Complaint with leave to amend. Dkt. # 4. Defendants' Motions to Dismiss are **DENIED as moot.** Dkt. ## 10, 11.

## II. DISCUSSION

On October 10, 2017, Plaintiff filed this action against Defendants Bing King Association, Seattle Chinatown International District Preservation and Development Authority, Department of Planning and Development of the City of Seattle, Yao Shen Chin, Ping Mark, Kin Chuen Leung, Tom K. Cheng, Sunny Lew, Shek Lau, Jim Locke,

ORDER – 1

Francis Wong, Ming Bo Fung, Paul Mar, Cara Bertron, Jim Metz, Geoff Tallent, Fiath Lumsden, Diane Sugimura, Melissa Lawrie, John Does and Jane Does. Dkt. # 1. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Brian A. Tsuchida granted the application. Dkt. # 3.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to

ORDER – 2

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Plaintiff alleges that Defendants conspired to discriminatorily target him and several unnamed parties in his proposed class to drive them out of their low-income single room occupancies at the New American Hotel to allow for a residential and commercial development he refers to as the "7th and Jackson Development." Dkt. # 4. The New American Hotel was owned and managed by Defendant Bing Kung Association. This alleged conspiracy resulted in a "series of unlawful housing practices" carried out by Defendants from 2014 through October 2015. *Id*. Plaintiff contends that his apartment managers threatened that the "in-room water supply would be permanently shut off," told tenants that they must move out by the end of the year, and "bann[ed] use of electric rice cooker in SRO due to potential fire hazard caused by power overload in SRO socket." Plaintiff also alleges that three Bing King Association employees and "two persons in uniforms of City of Seattle" broke into his apartment. This allegation is repeated over ten times in his Complaint. *Id*. Plaintiff was eventually evicted from his apartment for non-payment of rent by court order. Plaintiff asserts that these actions were in violation of his civil rights and were targeted toward tenants of Chinese descent. *Id*.

Interspersed among Plaintiff's allegations are references to misappropriated city funding, conflicts with "civilian businessman Scott Shapiro, an agreement between

ORDER – 3

Seattle's Department of Planning and Development and the Seattle Chinatown International District Preservation and Development Authority ("SCIDPDA") to cover up the misappropriation of city funding, and an allegation that the SCIDPDA acted as a "quasi governmental" entity serving as a "code compliance watch-dog in the Chinatown/ID . . . working under the authority of city government." *Id.* Plaintiff also submits correspondence, emails, a cached webpage that previously posted plans for the "7th and Jackson Development," and other documents obtained from the City in support of his claims. These submissions constitute approximately 1,000 pages of documents. Plaintiff's Complaint is 57 pages long.

Despite the length of his Complaint and the amount of supporting documents submitted by Plaintiff, none of the evidence provides a factual basis sufficient to raise his allegations above mere speculation. Plaintiff bases his allegations on rumors, theories, and seemingly unrelated events. Plaintiff's Complaint fails to make clear which alleged facts apply to which Defendant, and which alleged facts support which cause of action. Plaintiff asserts claims pursuant to 42 U.S.C. §§ 1981, 1982, and 1985, as well as several state laws, but none of his allegations form a cognizable claim under any of those causes of action. Even taking all allegations in the light most favorable to Plaintiff, the Court concludes that Plaintiff's Complaint is frivolous and fails to state a claim showing that he is entitled to relief.

//

//

ORDER – 4

## III. CONCLUSION

For the reasons stated above, the Court **DISMISSES** Plaintiff's Complaint. Dkt. # 4. Defendants' Motions to Dismiss are **DENIED as moot**. Dkt. ## 10, 11. **Within fourteen (14) days from the date of this Order**, Plaintiff may file an amended complaint addressing the deficiencies addressed above. If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a cognizable claim for relief or is otherwise untenable under § 1915(e), the Court will dismiss the action.

DATED this 30th day of July, 2018.

[signature: Richard A. Jones]

The Honorable Richard A. Jones
United States District Judge

ORDER – 5