HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SING CHO NG,

    Plaintiff,

v.

BING KUNG ASSOCIATION, *et al.*,

    Defendant.

Case No. 2:17-cv-01515-RAJ

**ORDER**

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motions to Dismiss *pro se* Plaintiff's First Amended Complaint (FAC). Dkt. # 35, 38, 39. Plaintiff opposes those motions. Dkt. # 47. For the reasons below, the Court **DISMISSES** Plaintiff's FAC with prejudice. Dkt. # 34. Defendants' Motions to Dismiss are **DENIED** as moot. Dkt. ## 35, 38, 39.

## II. BACKGROUND

Plaintiff Sing Cho Ng alleges that agents of his landlord, Defendant Bing Kung Association (BKA), broke into his single room occupancy unit (SRO) on October 8, 2014. Dkt. # 34, ¶1a. Plaintiff claims that this was a racially motivated civil rights violation and part of a larger conspiracy between BKA, Defendant Seattle Chinatown International District Preservation and Development Authority (SCIDpda), and Defendant Department of Planning and Development of the City of Seattle (DPD). According to Plaintiff,

ORDER – 1

Defendants conspired to evict tenants in Plaintiff's building through unlawful rent increases, unlawful housing practices, targeted discrimination, and harassment. *Id*., ¶ 6b. Plaintiff claims that Defendants' ultimate goal was to displace tenants in furtherance the "7th and Jackson Development" real estate project. *Id*., ¶ 2d. Plaintiff further alleges that DPD encouraged BKA's "profiteering business" by issuing "a RRIO Certificate" in the face of housing violations. *Id*., ¶¶ 4b & 14.5. Plaintiff was eventually evicted from his SRO for nonpayment of rent by court order after an unlawful detainer action in 2015. *Id*., ¶ 2a.

On October 10, 2017, Plaintiff filed this action against BKA, SCIDpda, DPD, and individual Defendants Yao Shen Chin, Ping Mark, Kin Chuen Leung, Tom K. Cheng, Sunny Lew, Shek Lau, Jim Locke, Francis Wong, Ming Bo Fung, Paul Mar, Cara Bertron, Jim Metz, Geoff Tallent, Faith Lumsden, Diane Sugimura, Melissa Lawrie, John Does and Jane Does. Dkt. # 1. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Brian A. Tsuchida granted the application. Dkt. # 3. On July 30, 2018, the Court dismissed Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). Dkt. # 30. On August 22, 2018, Plaintiff filed this FAC against the same Defendants except for Melissa Lawrie. Dkt. # 34. The FAC also adds DPD official, Don Masoero, as an individual Defendant. *Id.* Plaintiff alleges violations of 42 U.S.C. §§ 1981, 1983 and 1985, and asserts various pendant state claims, including civil conspiracy and violations of Washington fair-housing statutes. *Id*.

### III. DISCUSSION

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints,

ORDER – 2

not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

The allegations in the FAC effectively mirror those pled in Plaintiff's initial complaint. As such, the Court reaches the same conclusion: despite the length of the complaint and the amount of supporting documents submitted, none of the evidence provides a factual basis to raise Plaintiff's allegations above mere speculation. Dkt. # 30 at 4 (noting that Plaintiff's allegations were based on "rumors, theories, and seemingly unrelated events"). Plaintiff fails to state a claim to relief that is plausible on its face, whether under 42 U.S.C. §§ 1981, 1982, and 1985, or under Washington state law.

In the Court's previous Order, Plaintiff was informed that if he filed an amended complaint that does not state a cognizable claim for relief or is otherwise untenable under § 1915(e), the Court would dismiss this action. Dkt. # 30 at 5. As explained above, Plaintiff's FAC does not state a cognizable claim for relief. Therefore, for the reasons

ORDER – 3

stated above, the Court **DISMISSES** Plaintiff's FAC with prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court **DISMISSES** Plaintiff's Complaint with prejudice. Dkt. # 34. Defendants' Motions to Dismiss are **DENIED** as moot. Dkt. ## 35, 38, 39. The Court also **DENIES** as moot Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion to Dismiss, Plaintiff's Motion for Leave to File a Consolidated Response to Motions to Dismiss, and Plaintiff's Motion for Leave to File Overlength Pages of Plaintiff's Consolidated Response. Dkt. ## 36, 42, 46.

DATED this 28th day of March, 2019.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4